UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

HENG SHU XU,
a/k/a Xin Song Lin

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF FORFEITURE/ MONEY JUDGMENT

S1 18 Cr. 729 (GBD)

WHEREAS, on or about January 8, 2019, HENG SHU XU (the "Defendant"), was charged in a six-count Superseding Information, S1 18 Cr. 729 (GBD) (the "Information"), with bank fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Count One); bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Two); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b) and 2 (Count Three); access device fraud, in violation of Title 18, United States Code, Sections 1029(a)(5) and 2 (Count Four); access device fraud, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2 (Count Five); and distribution and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2 (Count Six);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(A), of any and all property constituting or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Information included a forfeiture allegation as to Counts Four and Five of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), of any and all property constituting or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offenses charged in Counts Four and Five of the Information, and any and all personal property used or intended to be used to commit the offenses charged in Counts Four and Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Four and Five of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Six of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from, any proceeds obtained directly or indirectly, as a result of the commission of the offense charged in Count Six of the Information, and any and all property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense charged in Count Six of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Six of the Information;

WHEREAS, on or about January 8, 2019, the Defendant pled guilty to Counts One through Six of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Two, Four, Five, and Six of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(A), 982(a)(2)(B), 1029(c)(1)(d), and Title 21, United States Code, Section 853, a sum of money representing the proceeds traceable to the commission of the offenses charged in Counts One, Two, Four, Five, and Six of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $430,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Four, Five, and Six of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, Four, Five, and Six of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney James M. McDonald, United States Attorney, Assistant United States Attorney Cecilia E. Vogel, of counsel, and the Defendant and his counsel, Eric Siegle, Esq., that:

1. As a result of the offenses charged in Counts One, Two, Four, Five, and Six of the Information, to which the Defendant pled guilty, a money judgment in the amount of $430,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Four, Five, and Six of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant HENG SHU XU, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________ 11/5/26
Cecilia E. Vogel DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-1084

HENG SHU XU

By: ______________________ 11/5/26
Heng Shu Xu DATE

By: ______________________ 11/5/26
Eric Siegle, Esq. DATE
Attorney for Defendant
217 Broadway, Suite 611
New York, NY 10007

SO ORDERED:

______________________ NOV 05 2026
HONORABLE GEORGE B. DANIELS DATE
UNITED STATES DISTRICT JUDGE